***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Argued and submitted August 15, affirmed September 20, 2023

In the Matter of H. L. IV,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

H. L. III,
*Appellant.*

Klamath County Circuit Court
22JU02375; A180722

Marci Warner Adkisson, Judge.

George W. Kelly argued the cause and filed the brief for appellant.

Robert C. Hansler, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Emily N. Snook, Assistant Attorney General.

Before Lagesen, Chief Judge, and Hellman, Judge, and Armstrong, Senior Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Father appeals a judgment terminating his parental rights to his seven-year-old son, H. The juvenile court determined that termination of father's rights was warranted under both ORS 419B.504 (unfitness) and ORS 419B.506 (neglect). On appeal, father argues that the Department of Human Services (DHS) failed to prove that it is improbable that H can be reintegrated into father's home within a reasonable time, making termination under ORS 419B.504 improper. Father further argues that DHS failed to prove that father neglected H within the 6 months preceding the filing of the termination petition, making termination under ORS 419B.506 improper.

Our review is *de novo*, subject to a clear-and-convincing-evidence standard of proof. *Dept. of Human Services v. T. L. M. H.*, 294 Or App 749, 750, 432 P3d 1186 (2018), *rev den*, 365 Or 556 (2019). That "'requires us to examine the record with fresh eyes to determine whether the evidence developed below' persuades us that it is highly probable that the disputed elements of DHS's termination case are present." *Dept. of Human Services v. M. J. G.-P.*, 314 Or App 290, 293, 499 P3d 139 (2021) (quoting *T. L. M. H.*, 294 Or App at 750). Having conducted that review, we are persuaded, by clear and convincing evidence, that it is improbable that H can be reintegrated into father's home within a reasonable time given H's exceptionally high needs and the caregiving skills that will be required to meet them. We therefore affirm the judgment of termination under ORS 419B.504, and do not reach the issue of whether termination would also be warranted under ORS 419B.506.

Affirmed.